[Sac. No. 651.   Department Two.—August 8, 1900.]

## J. M. GREGORY, Respondent, v. J. P. CLABROUGH'S EX-ECUTORS, Appellants.

Assumpsit—Money Paid for Use of Mortgagor—Foreclosure—Proceeds of Crops Retained by Mortgagee—Mutual Mistake of Law. Money arising from the proceeds of crops grown on mortgaged premises by the mortgagor, which was received by the mortgagee pending foreclosure of the mortgage, and allowed to be retained by him, without being credited on the mortgage, under a mutual mistake of law that the mortgagee was entitled to the crops, must be regarded as money paid to the mortgagee for the use of the mortgagor, to be paid to him on demand, under an implied promise, which may be enforced by him or his assignee in an action of *assumpsit*.

Id.—Implied Promise—Money Payable on Demand—Pleading and Proof—Fraud not in Issue.—It is not necessary, in an action to recover the money so paid to the use of the plaintiff's assignor, to allege or prove the implied promise; but it is sufficient to allege that the money was received by the defendant for and on behalf of plaintiff's assignor, to be held by him until demanded by said assignor, and to prove that it was the money of the assignor paid to the defendant under a mutual mistake of law. In such action, the fraud of the defendant is not in issue.

ID.—ESTOPPEL—RES ADJUDICATA—COUNTERCLAIM IN FORECLOSURE SUIT—
CONNECTION WITH SUBJECT OF ACTION — ASSIGNMENT OF CLAIM.—A
claim for the recovery of money paid to a mortgagee under
a mistake of both parties that he was entitled to the crops of
which it was the proceeds, which had been assigned by the
mortgagor before answer was filed in the foreclosure suit, is
not so legally connected with the subject of the action as to
be barred by failure to plead it as a counterclaim; but the as-
signment was evidence of the election of the mortgagor that
the money should be recovered in a separate action, and the
assignee's rights could not be affected by any counterclaim or
defense made by the assignor.

ID.—COUNTERCLAIM UNDER EXPRESS AGREEMENT—MONEY PAID UNDER
MISTAKE NOT INCLUDED.—A counterclaim set up by the mortgagor
in the foreclosure suit under an express agreement of the mort-
gagee to pay a fixed sum to the mortgagor, which included
the proceeds of the mortgagor's crops and other money, for
a deed to be made by the mortgagor, which counterclaim was
found against him, did not include or affect the right of the
mortgagor or his assignee to recover the money paid to the
mortgagee under mistake.

ID.—DEATH OF DEFENDANT PENDING SUIT—PRESENTATION OF CLAIM—RE-
VIVAL OF SUIT AGAINST EXECUTORS—LIMITATION OF THREE MONTHS—
CONSTRUCTION OF CODE.—Where the defendant in an action dies
pending suit, all that is required of the plaintiff is the presen-
tation of the claim within the time limited therefor. Section
1498 of the Code of Civil Procedure, limiting the commence-
ment of an action upon a rejected claim which is past due to
the period of three months, has no application to an action al-
ready pending; and the fact that the suit may have been re-
vived against the executors more than three months after the
rejection of the claim cannot affect the cause of action.

ID.—CLAIMS AGAINST ESTATE—NONACTION OF EXECUTOR OR ADMINISTRA-
TOR—OPTION OF CREDITOR.—Where an executor or administrator
takes no action upon a claim, neither approving nor rejecting
it, the creditor may exercise his option to regard it as rejected
only at the time of or shortly before the bringing of a suit
thereupon.

APPEAL from a judgment of the Superior Court of Solano
County and from an order denying a new trial. A. J. Buckles,
Judge.

The facts are stated in the opinion.

Henry N. & Jabish Clement, and George A. Lamont, for Ap-
pellants.

J. M. Gregory, Respondent *in pro. per.*

SMITH, C.—The plaintiff, as assignee of one Blake, brought suit against Clabrough for the sum of six hundred and thirty-two dollars and eighty-five cents, which, it is alleged and found, "Clabrough in his lifetime received for and on behalf of . . . . Blake . . . . to be held by said . . . . Clabrough until demanded by the said . . . . Blake." On the death of Clabrough the suit was continued against his executors, against whom judgment was rendered. The defendants appeal from the judgment and from an order denying a new trial.

The facts out of which the controversy arose are as follows: Clabrough had a mortgage on Blake's ranch for the amount, including interest, of nineteen thousand two hundred and twenty-seven dollars and sixty cents, for which a suit to foreclose was pending, and the parties were negotiating for a conveyance of the mortgaged premises to Clabrough in satisfaction of the mortgage. Under these circumstances Clabrough and Blake came to the office of Preston, the attorney of the former, to consult him about the proceeds of the crops then growing upon or recently severed from the mortgaged land; which—referring to the proceeds—"Blake stated . . . . certain creditors of his were about to attach or might attach"; or, "in other words, these proceeds were in jeopardy of being lost." Thereupon they were advised by the attorney that the mortgage "covered not only the land but the rents, issues, and profits," and that Clabrough "should receive [the money] because he was entitled to it under the clause giving him the rents, issues, and profits of the ranch." The money was afterward received by Clabrough under this understanding. There was no promise that the money should be repaid to Blake on demand or otherwise. But there was a proposition from Clabrough to Blake—whether then pending or subsequently made does not appear—that, upon the conveyance of the mortgaged premises by Blake and his wife to Clabrough, the latter would pay to him, or them, the amount thus received and two hundred and fifty dollars in addition. This proposition was accepted by Blake, and a deed executed by him; but his wife refused to join in the deed, and Clabrough was unwilling to dispense with her signature. The negotiations thus failing, the foreclosure suit was prosecuted to judgment, under which the premises were

sold. The money received by Clabrough was not credited on the mortgage or allowed in the judgment. The claim of Blake was assigned to the plaintiff, and, on Clabrough's death—pending the suit brought by the plaintiff to recover it—was duly presented to his executors on the nineteenth day of August, 1896, but was neither approved or disapproved by them. An "amended and supplemental complaint," setting up these facts, was filed May 19, 1897.

The points urged for reversal—so far as material—are that there was no promise on the part of Clabrough to repay the money to Blake; that the money was paid to Clabrough for the purpose of defrauding the creditors of Blake; that the plaintiff was estopped by the judgment in the foreclosure suit; and, finally, that his cause of action was barred by the provisions of sections 1496, 1498, 1500, and 1501 of the Code of Civil Procedure.

1. On the merits, the case was very plainly for the plaintiff. The money was paid to Clabrough on the advice of Mr. Preston to him and Blake that the former was entitled to it under the mortgage; which was clearly not the case. (*Simpson v. Ferguson*, 112 Cal. 180[1]; *Modesto Bank v. Owens*, 121 Cal. 223.) The money was paid, therefore, under a mistake of law common to all the parties (Civ. Code, sec. 1578), and hence must be regarded as paid to Clabrough to the use of Blake. (*Kreutz v. Livingston*, 15 Cal. 346; 1 Chitty on Pleading, 362, note 2; *Moses v. McFarlan*, 2 Burr. 1012; *Lockwood v. Kelsea*, 41 N. H. 187.) The promise to pay on demand is implied by the law; it was unnecessary to allege or to prove it. (*Wilkins v. Stidger*, 22 Cal. 231.[2])

2. There was no issue as to fraud in the case; and no evidence tending to prove fraud. On the contrary, it appears from the evidence that the money was paid to Clabrough under the mistaken belief of all that he was entitled to it as mortgagee; there was no fraud in paying him what was believed to be his own.

3. The claim of estoppel is based on two grounds, namely: 1. That Blake's claim was proper matter for counterclaim

---

[1] 53 Am. St. Rep. 201.

[2] 83 Am. Dec. 64.

under subdivision 1 of section 438 of the Code of Civil Procedure, and was barred under the provisions of section 439 for failure to set it up; and 2. That it was in fact set up in the answer and adjudicated adversely to Blake; but neither of these contentions can be sustained.

If Blake's demand was a proper subject for counterclaim, it must have been so, under the second clause of the subdivision, as a cause of action "connected with the subject of the action," i. e., in the foreclosure suit.   This clause is very vague and general, and its precise meaning has not as yet been determined. (Pomeroy on Code Remedies, secs. 793, 794; Bliss on Code Pleadings, secs. 126, 373.)   But we may at least assume that the clause refers to some sort of real and legal connection.   Here the only connection was that of the mistaken impression that the money belonged to the mortgagee; but this was apparent only, and not real.   Blake was entitled to recover back the money, and on his election to do so—which was evidenced by his assignment to the plaintiff—the apparent relation ceased.

Nor can it be said the claim was in fact adjudicated.   The defense set up by Blake in the foreclosure suit was an alleged agreement between him and Clabrough, by which the latter was to pay him eight hundred and ninety dollars and release the mortgage in exchange for Blake's deed.   The decision of the court simply negatived this claim, and did not in any way affect the right of Blake or his assignee to recover the money paid by mistake.   Indeed, the assignment had been made several months before the answer was filed, and the assignee's rights could not be affected by any defense set up by the assignor.

4. Section 1498 of the Code of Civil Procedure can have no application to a case like the present, where the action was already pending when the claim was presented.   All that is required of the plaintiff in such case is simply to present his claim.   (Code Civ. Proc., sec. 1502.)   The point intended seems to be that the suit was not revived against the executors for over three months after the claim was rejected.   But there is no provision of the code requiring that it should be revived within any definite period.   It may be added that it appears from the record that the claim was neither approved nor rejected by the executors, and that plaintiff exercised his option

to regard it as rejected only at the time of, or shortly before, the bringing of the suit. (*Bank of Ukiah v. Shoemake,* 67 Cal. 147; *Cowgill v. Dinwiddie,* 98 Cal. 481.)

The judgment and order denying a new trial should be affirmed.

Chipman, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying a new trial are affirmed.

Henshaw, J., McFarland, J., Temple, J.

Hearing in Bank denied.