[Civ. No. 3194.   Third Appellate District.—February 8, 1927.]

## JOHN L. PRICE, Appellant, v. WALTER G. MANUEL, Respondent.

[1] VENDOR AND VENDEE — PAYMENT OF MONEY — CREDIT ON UNPAID PROMISSORY NOTE—MONEY HAD AND RECEIVED.—Where the vendee under a contract for the sale of real property pays to the vendor a sum of money, and thereafter the vendee claims that a portion of said sum should be credited as a payment on the unpaid principal of a promissory note given as part payment of the purchase price and the vendor claims that said portion of said sum was paid to him as consideration for entering into the agreement of sale, the vendee cannot recover said portion of said sum as and for money had and received, but his only relief, if any he is entitled to, is to be given credit on his promissory note in accordance with his version of the agreement.

[2] ID.—PAYMENT OF MONEY DUE—RECOVERY BY DEBTOR.—A debtor cannot recover back from his creditor money he has paid to him, which at the time of payment was the money of the debtor, was justly due from the debtor to the creditor, and was paid and received in their individual capacities.

(1) 30 Cyc., p. 1302, n. 30 New.   (2) 30 Cyc., p. 1298, n. 10.

APPEAL from a judgment of the Superior Court of Alameda County.   A. F. St. Sure, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Henry C. McPike for Appellant.

Fitzgerald, Abbott & Beardsley for Respondent.

FINCH, P. J.—The complaint alleges that the "defendant is indebted to the plaintiff in the sum of two thousand five hundred and fifty dollars . . . for so much money had and received by said defendant to and for plaintiff's use," and that the plaintiff had demanded payment thereof, but that the defendant refused to make such payment.   The answer denies the allegations of the complaint.   The trial court instructed the jury to return a verdict in favor of the defend-

2.  See 21 R. C. L. 141.

ant and, upon the verdict so returned, judgment was entered in favor of defendant for his costs of suit. Plaintiff has appealed from the judgment.

In September, 1921, the parties entered into an agreement, by the terms of which the defendant, as party of the first part, agreed to sell an apartment house to the plaintiff for $180,000, payment of $50,000 to be made January 2, 1922, and $130,000 a year later, interest at the rate of six per cent per annum to be paid on the $130,000 from October 1, 1921. The agreement contained the following paragraph:

"It is further agreed that upon and in the event of the consummation of said sale, to-wit, on the 2d day of January, 1922, the party of the second part shall be regarded as if he had been the tenant of said Como Apartments from the 1st day of October, 1921, to the 1st day of January, 1922, for the following purposes, to-wit: the party of the first part shall pay the net income he has received from said property from October 1, 1921, to January 1, 1922, to said party of the second part; and said party of the second part shall pay to said party of the first part the sum of $4,500, of which sum the sum of $1,950 shall be regarded as rent paid for said premises from October 1, 1921, to January 1, 1922, but nevertheless shall then be applied in payment of interest on said note for $130,000 accruing from October 1, 1921, to January 1, 1922, and the remainder of said sum, to-wit, $2,550 shall be the consideration paid by the party of the second part to the party of the first part for entering into this agreement."

Plaintiff sought to recover on the theory that the provision in the agreement that "$2,550 shall be the consideration paid by the party of the second part to the party of the first part for entering into this agreement" was inserted therein by fraud or mistake and that the real agreement between the parties was that such sum was to be applied as payment upon the principal. Plaintiff testified that he did not know that the agreement contained that provision at the time of its execution. He further testified as follows: "I understood when I entered into the agreement with Mr. Manuel that he was to receive $4,500 out of the income for the last three months of the year 1921. He was to receive $4,500 for three months, $650 to be interest on the $130,000 a month and $850 to be credited on my note as principal. . . . I was to have all

the net proceeds of the Como over the $4,500. . . . My agreement was that the $2,550 should be credited on the note.'' Plaintiff received the income from the property for the last three months of 1921, amounting to nearly $6,000. Plaintiff's testimony to the effect that the written contract does not express the true agreement between the parties was contradicted by that of defendant.

[1] According to the plaintiff's own testimony and theory of the case, he is not entitled to recover in this action. If he is entitled to any relief, it is to be given credit on his promissory note in accordance with his version of the agreement. In a note in L. R. A. 1916F, 538, it is said: [2] ''No case has been found in which a debtor has recovered back from his creditor money he has paid him, which at the time of payment was the money of the debtor, was justly due from the debtor to the creditor, and was paid and received in their individual capacities.'' No such case has been cited by appellant herein. Appellant relies on *Gregory* v. *Clabrough's Exrs.*, 129 Cal. 475 [62 Pac. 72]. That case involved a payment by a mortgagor to his mortgagee of money to which the latter was not entitled, the payment being made under a mutual mistake of law. The mortgagor was not given credit on the mortgage note or in the subsequent foreclosure suit, which resulted in a judgment for the full amount of the debt, without any deduction on account of such payment. The decision in that case, therefore, is not in point.

The judgment is affirmed.

Buck, J., *pro tem.*, and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 10, 1927, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 8, 1927.