[Sac. No. 6610.   In Bank.   Apr. 26, 1957.]

THE PEOPLE, Respondent, v. UNION OIL COMPANY
(a Corporation), Appellant.

L. A. Gibbons, Douglas C. Gregg, A. Andrew Hauk and Lewis D. Lawrence for Appellant.

Edmund G. Brown, Attorney General, James E. Sabine and Irving H. Perluss, Assistant Attorneys General, for Respondent.

SPENCE, J.—Plaintiff sought to recover $6,781.69 alleged to have been improperly paid by plaintiff to defendant as interest on certain overpayments of franchise tax refunded to defendant for the income years 1942, 1943, and 1944. The propriety of the refund of the tax overpayments is not questioned, and it is only the propriety of the payment of a portion of the interest on the refund that must be determined. The trial court upheld plaintiff's claims in the light of the statutory provisions and rendered judgment in its favor. Defendant appeals contending: (1) that the court both misconstrued the statute and applied it retroactively in disregard of constitutional limitations; and (2) that in any event, plaintiff's recovery is barred by the statute of limitations. For the reasons hereinafter stated, we have concluded that defendant's contentions cannot be sustained.

There is no dispute as to the facts. Defendant paid its corporate franchise taxes as computed for the income years 1942, 1943, and 1944. Prior to those years the Franchise Tax Act provided that a taxpayer could elect to claim a deduction for amortization of emergency facilities under regulations prescribed by the Franchise Tax Commissioner. (Bank and Corporations Franchise Tax Act, § 8, subd. f; Stats. 1929, ch. 13, as amended; now Rev. & Tax. Code, § 24121h.) Pursuant to such authority, the Franchise Tax Commissioner on November 11, 1945, issued a regulation providing that the election to accelerate the amortization of emergency facilities should be made by filing a statement of such election within certain

prescribed time limits; and that upon such election the taxpayer could file a claim for refund and the tax liability would be recomputed to give effect to the revised amortization deduction. (FTA 8 (f) No. 1.) Accordingly, defendant duly filed a statement of its election to accelerate the amortization for the income years in question, and within the time allowed defendant then filed its claims for refunds of franchise taxes overpaid for the income years 1942, 1943, and 1944. After some appropriate adjustments, the commissioner determined the amount of refund and mailed warrants to defendant on August 18, 1948. These warrants included the amount of the overpayments plus interest at 6 per cent per annum computed from the dates of the respective overpayments to a time shortly before August 18, 1948. Thereafter, the commissioner determined that interest in excess of that properly due had been paid to defendant, and demand was made on defendant for a return of such excess. Defendant refused, and this action was commenced on June 7, 1951.

At the time defendant paid its franchise tax for the years in question and until July 10, 1947, section 27 (c) of the Bank and Corporation Franchise Tax Act (now Rev. & Tax. Code, § 26080) provided: "Interest shall be allowed and paid upon any overpayment of any tax, if the overpayment *was not made because of an error or mistake on the part of the taxpayer,* at the rate of 6 percentum per annum. . . ." (Emphasis added.) In 1947 the statute was amended to provide: "Interest shall be allowed and paid upon any overpayment of any tax, if the overpayment *was made because of an error or mistake on the part of the Commissioner,* at the rate of 6 percentum per annum. . . ." (Emphasis added.) The amendment went into effect July 10, 1947, and remained in effect until after the refund warrants were mailed to defendant. Under its election to accelerate amortization, defendant had overpaid its taxes for the years in question. These overpayments were not due to any error or mistake by either defendant or the commissioner. Under section 27 (c) as it read when defendant filed its claims for refunds, defendant was entitled to interest because there had been no error or mistake on its part in making the overpayments. However, for the period of time subsequent to July 9, 1947, there was no statute authorizing the payment of interest on refunds for overpayment of taxes unless such overpayment resulted from error or mistake of the commissioner. Thus, the principal question for determination is whether the 1947 amendment operated from

its effective date to prevent the running of interest thereafter on defendant's overpayments made prior thereto. The trial court held that the amendment did so operate, and judgment accordingly was entered for plaintiff.

The liability of the state to pay interest is "purely statutory." (*Gregory* v. *State*, 32 Cal.2d 700, 703 [197 P.2d 728, 4 A.L.R.2d 924].) In the Gregory case an analogous question was presented where the taxpayer brought an action to recover a gift tax paid under protest. While the action was pending the gift tax statute was amended so as to allow interest on the amount of overpayment, the payment of such interest not being previously authorized. It was held that the taxpayer, in recovering judgment for the overpayment, was entitled to interest from the effective date of the amendment, and that such allowance of interest did not give retroactive effect to the amendment. In so concluding, this court stated: ". . . whatever the law may be elsewhere it has always been the rule in California that there is no implied contract of any kind that the state will pay interest on its indebtedness for it is liable only when made so by statute. (See 23 Cal.Jur. 588.) Thus all we have is a statutory liability and the sole question is whether the statute is applied retroactively." (32 Cal.2d 703.)

Defendant argues that it is entitled to retain the interest paid for the period *subsequent* to the effective date of the 1947 amendment because its overpayments of tax were made *prior* to that date and the amendment should apply only to overpayments made *after* that date. In support of its position defendant introduced, over plaintiff's objections as to relevancy, the testimony of certain employees of the franchise tax office indicating that defendant's interpretation of the amendment was their understanding of the Legislature's intent, and that their administration of the amendment was in accord therewith until the practice was changed upon advice of the attorney general following the decision in *Gregory* v. *State* (1948), *supra*, 32 Cal.2d 700. (See 15 Ops. Atty. Gen. 144; 17 Ops. Atty. Gen. 138.) However, the initial administrative practice upon which defendant relied was of relatively short duration, but regardless of this fact "an erroneous administrative construction does not become decisive no matter how long continued." (*Trabue Pittman Corp.* v. *County of Los Angeles,* 29 Cal.2d 385, 399 [175 P.2d 512].)

Contrary to defendant's position, the trial court's conclusion involves no retroactive application of the 1947

amendment in an unconstitutional impairment of vested contractual rights. No element of contract is present here, either implied (*Gregory* v. *State, supra,* 32 Cal.2d 700, 703) or express. (*Southern Service Co., Ltd.,* v. *County of Los Angeles,* 15 Cal.2d 1, 11-12 [97 P.2d 963].) The Franchise Tax Act gave defendant the right to make a claim for refunds for overpayments of tax, a right created by statute. At the same time the act gave defendant the right to receive interest on its refunds, provided that the overpayment was not the result of error or mistake on the part of the taxpayer. Had the act not allowed interest, then defendant could have filed its claim for refunds of overpayment of taxes, but it would have received no interest because there would be no statutory authority therefor. The Legislature, having granted to plaintiff the authority to pay interest on overpayments under one certain proviso, had the right to terminate that authority, which it did by the 1947 amendment, substituting another proviso. No constitutional principles are involved in such situation. Unlike such case as *Aetna Casualty & Surety Co.* v. *Industrial Acc. Com.,* 30 Cal.2d 388 [182 P.2d 159], the 1947 amendment operates only on *future* events—the right of the taxpayer to interest *after* the effective date of the amendment defining the authority of the state to make interest payments. (See *Eichelberger* v. *City of Berkeley,* 46 Cal.2d 182, 189 [293 P.2d 1]; *Gregory* v. *State, supra,* 32 Cal. 2d 700, 702-703; *Record* v. *Indemnity Ins. Co.,* 103 Cal.App. 2d 434, 443-444 [229 P.2d 851].)

In *Southern Service Co., Ltd.* v. *County of Los Angeles, supra,* 15 Cal.2d 1, 7, it was recognized as ''the settled law of this state that illegal taxes voluntarily paid may not be recovered by the taxpayer in the absence of a statute permitting a refund thereof.'' It was then further said at pages 11-12: ''The general relationship of sovereign and taxpayer is not founded on nor does it create any contractual rights. . . . A right to a credit or refund of taxes is purely statutory. . . . The legislature may withdraw such a statutory right or remedy, and a repeal of such a statute without a saving clause will terminate all pending actions based thereon.'' (See also *People ex rel. Eitel* v. *Lindheimer,* 371 Ill. 367 [21 N.E.2d 318, 321-322].) Since under this reasoning there is no vested right to the refund of the taxes but rather such action is a matter of legislative grace, it necessarily follows that the right to the payment of interest on such refunds is not vested

and the Legislature may enact a statute cutting off such right theretofore accorded the taxpayer.

While an interest obligation based upon contract may resist change under constitutional guarantees, a statutory interest right for a particular period depends upon the law in effect at that time. This has been the settled law in this state for many years. (*White* v. *Lyons,* 42 Cal. 279, 284; see *Gregory* v. *State, supra,* 32 Cal.2d 700, 702.) It is likewise so held with respect to the federal revenue acts pertaining to the allowance of interest on credits or refunds of taxes. (See cases cited in Mertens, The Law of Federal Income Taxation (1948), vol. 10, § 58.87, pp. 449-450.) Accordingly, plaintiff concedes defendant's right to the interest on overpayments for the period prior to July 10, 1947, the effective date of the amendment. But defendant's contention that the refunding provision (Bank and Corporation Franchise Tax Act, § 8, subd. f) constituted a continuing offer which was accepted by the taxpayer by electing to accelerate amortization, so that a vested right to the refund, including payments immutably fixed as of the time of the overpayments, is contrary to settled legal principles governing tax laws and cannot prevail.

Defendant finally contends that plaintiff's action is barred by the two-year statute of limitations. (Code Civ. Proc., § 339, subd. 1.) It asserts that if plaintiff's payment of interest on the overpayments of tax was improper because without statutory authority, then plaintiff's cause of action arose as of the date of the refunds, August 18, 1948, and the period of limitations applicable for enforcement of defendant's obligation to repay such illegally held funds, implied by law, was two years. This action was commenced on June 7, 1951. But in the light of the record, it appears that the proper statute of limitations is the three-year period governing an action for relief on the ground of "mistake" (Code Civ. Proc., § 338, subd. 4), and plaintiff's action was therefore timely filed.

The nature of the right sued upon and not the form of action nor the relief demanded determines the applicability of the particular statute of limitations. (*Maguire* v. *Hibernia S. & L. Soc.,* 23 Cal.2d 719, 733 [146 P.2d 673, 151 A.L.R. 1062].) The record here indicates without dispute that after the effective date of the 1947 amendment, the employees of the franchise tax office believed that authority still existed to continue interest payments on prior overpayments of

tax that were not the result of error or mistake on the part of the taxpayer, and that they continued to administer tax refunds on that basis until advised to the contrary by the attorney general following the decision rendered in 1948 in *Gregory* v. *State, supra,* 32 Cal.2d 700. Clearly a mistake of law was involved. Seeking relief from such mistake, plaintiff filed its complaint setting forth two causes of action. In the first it alleged, in substance, its improper payment of interest on the overpayments made by defendant for the period subsequent to July 9, 1947; the enactment of the 1947 amendment prohibiting such interest payments to defendant; the amount of interest properly allocable to defendant on its overpayments and the erroneous allowance made by the commissioner; and its demand upon defendant for repayment of the alleged improper interest payments—allegations sufficient to show plaintiff's theory of relief "on the ground of mistake." In the second cause of action, plaintiff pleaded the common count of money had and received, but this cause of action was based entirely upon the allegations of the first cause of action.

Defendant argues that while said mistake of law may have caused the improper interest payments, such mistake is merely incidental to plaintiff's cause of action as one for money had and received, that no other ground of relief was available to plaintiff, and that therefore the two-year statute of limitations applies. In support of its argument, defendant cites such out-of-state cases as *McFarland* v. *Stillwater County,* 109 Mont. 544 [98 P.2d 321] and *Independent Sch. Dist.* v. *Independent Sch. Dist.,* 122 Iowa 455 [99 N.W. 106]. But here the mistake of law is not a mere incident to plaintiff's right to recovery. Rather it is the very basis or gravamen of plaintiff's action and if it were not for such mistake of law by the administrative officers, the cause of action would not have accrued. (See *Independent School Dist. No. 1* v. *Common School Dist. No. 1,* 56 Idaho 426 [55 P.2d 144, 148, 105 A.L.R. 1267].) Accordingly, the applicable statute is the three-year statute governing an action for relief on the ground of mistake. (Code Civ. Proc., § 338, subd. 4.)

While as a general rule a mistake of law is of no legal consequence, just as ignorance of the law is no excuse, it has been said that the recovery of public moneys paid out through mistake by the state or an agency of government should be permitted "in many instances where, if paid out by an individual or by a private corporation [they] could

not be.'' (*Aebli* v. *Board of Education,* 62 Cal.App.2d 706, 725 [145 P.2d 601]; see also 70 C.J.S. § 156, p. 365.) This appears to be such a case. Since plaintiff's action was filed within less than three years after the erroneous interest payments to defendant, we conclude that it was not barred.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and McComb, J., concurred.