[Civ. No. 6069. Third Appellate District.—December 19, 1940.]

THOMAS L. BARRY, Respondent, v. COUNTY OF GLENN, Appellant.

W. T. Belieu, District Attorney, for Appellant.

Carter, Barrett & Carlton for Respondent.

PULLEN, P. J.—This action was brought by Thomas L. Barry to recover $460.39 from the County of Glenn, for services claimed to have been performed as purchasing agent during the last nineteen days of March and the months of April, May and June, 1935. The answer denied the indebtedness and set up the bar of the statute of limitations, and further asserted that if any indebtedness was incurred during that time such debt became payable during the fiscal year in 1934–35 and was not payable in a succeeding fiscal year. The case was tried before the court, and judgment rendered in favor of Barry. From that judgment this appeal is taken.

The evidence discloses that on February 11, 1935, the Board of Supervisors of the County of Glenn duly declared the position of relief agent in the county welfare office vacant,

and thereupon a motion was duly passed by the board that Thomas L. Barry, the respondent herein, be appointed relief agent, in this form:

"It was moved by Supervisor Haigh, seconded by Supervisor Murch, declared carried and ordered that Thomas Barry be appointed relief agent succeeding Cora Jenks, commencing February 13, 1935."

On the same day and at the same session of the board, by motion, the position of county relief agent was combined with the position of purchasing agent; and also at this session on February 11, 1935, Ordinance No. 132 was adopted, to become effective March 13, 1935, which provided for the employment of a purchasing agent, and fixed his duties, salary and term of office. This ordinance reads:

"THE BOARD OF SUPERVISORS OF THE COUNTY OF GLENN, STATE OF CALIFORNIA, DO ORDAIN AS FOLLOWS:

"SECTION 1. There is hereby created the position of Purchasing Agent in and for the County of Glenn, State of California.

"SECTION 2. That the duties of said purchasing Agent shall be to purchase for the County, and the officers thereof, all materials, supplies, furnishings, equipment, livestock, and all other personal property; to rent, for the County and the officers thereof, furnishings, equipment and livestock; to engage independent contractors to perform sundry services for the County and the officers thereof, with or without furnishing material where the aggregate cost thereof does not exceed the sum of $1,000.00.

"SECTION 3. It is hereby provided that said Purchasing Agent shall make all purchases, rentals and contracts only upon proper written requisition therefor, and by and with the consent of the Board of Supervisors of the County of Glenn, State of California.

"SECTION 4. That said Purchasing Agent shall be employed by the Board of Supervisors from month to month for the salary of $100.00 payable at the time and in the manner of other salaries in the County of Glenn, State of California.

"SECTION 5. That the Board of Supervisors may employ for such Purchasing Agent such assistants as may be necessary for him to fulfill his duties.

"SECTION 6. This ordinance shall take effect and be in force on and after the 13th. day of March, 1935. . . . "

The position of relief agent was accepted by plaintiff, and he entered upon the duties of that office on February 13, 1935, and continued to perform the same until December 13, 1935. On March 13, 1935, he commenced serving also as purchasing agent and continued to serve in that position until December 13, 1935, when he was, by ordinance, discharged from both positions.

About July 1st, and some time after the beginning of the fiscal year the board fixed the salary of relief agent at $75 and purchasing agent at $100 or a combined salary of $175.

It is not disputed that plaintiff was discharged on December 13, 1935, and that he was ready and willing to continue to perform the duties of relief and purchasing agent but was prevented from so doing by the County of Glenn. He claims therefore to be entitled to compensation for the remaining eighteen days in December, 1935, for both positions at the rate of $175 per month, and for the nineteen days in March and for the full months of April, May and June, 1935, as purchasing agent at $100 a month, making a total of $460.39, the amount of the judgment. There was no dispute that plaintiff was paid for his services as both purchasing agent and relief agent for the period from July 1 to December 13, 1935.

The testimony reveals that early in the spring of 1935, the Board of Supervisors of Glenn County desired to change the personnel of the welfare agency of the county. Two of the members of the Board of Supervisors called upon respondent at his home.

They explained to him they were contemplating making a change in the welfare office and asked him to take that department at a salary of $100 per month and traveling expenses. They also told him they would like to have him act as purchasing agent but there was no money in the budget to employ a purchasing agent and such office could not be set up until after July 1, 1935, at which time he would be appointed to that position also. Mr. Barry accepted.

From the fact that these various proceedings were all had and done by the supervisors at the same time would seem to indicate it was the plan to name plaintiff relief agent, and to create the position of purchasing agent as of March 13th, and to combine the two positions to become effective on March 13, 1935, and that plaintiff was to assume the duties of purchasing agent upon March 13th.

Nothing seemed to have been done by Barry in regard to the collection of salary as purchasing agent for the time prior to July 1, 1935, until after he was discharged by the Board of Supervisors on December 13th. He then presented claims to the board for salary for his services as purchasing agent for part of March and for the full months of April, May and June as stated before. Just when these claims were presented to the board does not appear. This question of time becomes material as to whether or not this action was brought within the time prescribed by law.

■■ The County of Glenn contends that these claims are barred by section 4078 of the Political Code and section 343 of the Code of Civil Procedure. Both of these claims here sued upon were filed December 31, 1935, and the complaint was filed on September 29, 1936. These statutes require an action such as this to be brought within six months after rejection by a board of supervisors, and section 4078 of the Political Code provides that if the board neglects to act on a claim, the claimant may deem the claim rejected on the ninetieth day at his option. Plaintiff's claim for $361.28 was presented to the board and was marked "Rejected W. T. Belieu D. A." Another claim for $99.11 was endorsed "Rejected W. T. Belieu D. A. Rejected, Board of Supervisors, Henry McMahon. Chairman." The date of these actions does not appear, but by the testimony of several members of the board an attempt was made to establish these dates. To this evidence objection was interposed that oral testimony was not the best evidence. Such objection was well taken and this testimony should not have been received. In 7 Cal. Jur. 448, it is said:

"The Board of Supervisors is a body with limited jurisdiction, and its jurisdiction must appear in the record of its proceedings. It cannot be bound by acts *in pais*; the best and only evidence of its intentions is to be drawn from its records. . . .

"The Board must further cause to be kept a 'minute book', in which must be recorded all orders and decisions made, and the daily proceedings had at all regular and special meetings."

It is admitted there is no record of a vote upon these claims, nor of their rejection. Such facts cannot be established by oral evidence, and it would therefore appear that this action was filed in time, and that the plea of the statute of limitations is not well taken,

■ Another point urged by the county has to do with the provisions of section 3714 of the Political Code and the question of debt limitation as fixed by the Constitution (sec. 18, art. XI). It is the claim of defendant that there was no budget appropriation covering the salary of a purchasing agent for the fiscal year 1934–35, which in the instant case includes the period from March 13 to July 1, 1935.

It is true that section 3714 of the Political Code provides that the supervisors shall allow no claim for an amount in excess of, or not provided for in the budget, but the exception to this section reads as follows: " . . . except upon an order of a court of competent jurisdiction, or for an emergency, as hereinafter provided." This exception has been recognized and considered in *Niceley* v. *County of Madera,* 111 Cal. App. 731 [296 Pac. 306]. The court, in considering that question, there said:

"Before considering the question of whether section 3714 of the Political Code, by implication or otherwise, repeals the provisions of section 4307 of the Political Code, it is important to observe that subdivision 5 of section 3714, *supra* (the provision here involved), does not make final the budget as adopted by the board of supervisors, nor does it make final the sum or allowance made or allotted to any particular official. The question is left open for a determination by the court as to whether any other .items of expenditure shall be determined to be a claim against the county, and whether the county shall be held liable therefor. This plainly appears from the words specifying that no payment shall be made 'except upon the order of a court of competent jurisdiction'. And this provision follows that portion of the section relating to expenditures outside of, and in excess of, the budget allowance."

Here, a court of competent jurisdiction, a Superior Court in and for the County of Glenn, has by its judgment, ordered that the obligation to plaintiff for salary as purchasing agent be paid.

■ The contention that this obligation (to pay plaintiff's salary for the period of March to July 1, 1935) is void because it is in excess of the debt limitation as provided by the Constitution, *supra,* is also untenable. Section 18 of article XI provides that a county shall not incur any obligation during any fiscal year in excess of the revenue provided for that year. There is no evidence here, however, showing

that the obligation here sued upon was in excess of the revenue for that year, but on the contrary the auditor of the county testified that there was a surplus in the county funds for the period under consideration.

Another contention by appellant is that Barry was not eligible or qualified to draw any salary from the county as purchasing agent between the months of March, April, May and June as he had failed to file any bond or oath of office.

On June 12, 1935, the Board of Supervisors passed a minute order as follows: "Order that Purchasing Agent Thomas L. Barry, furnish an official Bond of $2000.00". On July 1, 1935, Barry filed a proper bond together with an oath of office.

In support of its contention appellant cites various sections of the Political Code and of the Constitution. These citations are concerned with officers as distinguished from employees. From a study of the provisions of the Political Code relating to purchasing agents it seems clear that such a one is an employee. Section 4041.13 of the Political Code empowers the board to employ a purchasing agent. An officer is not employed; he is appointed or elected. Ordinance No. 132 creating this employment provides, "There is hereby created the position of Purchasing Agent . . . That said Purchasing Agent shall be employed . . . from month to month . . . ". If it had been the intention of the board to make the Purchasing Agent an officer of the County it would not have created the "position", but rather the office. It would not have provided the Purchasing Agent be employed from month to month, but rather it would have appointed him, to hold office at the pleasure of the board.

In *Couts* v. *County of San Diego*, 139 Cal. App. 706 [34 Pac. (2d) 812], the supervisors, by resolution, employed a road superintendent, and provided for the filing of a bond. It was held the employment of the road superintendent did not purport to create an office, but was purely an employment incidental to powers which the supervisors were charged with exercising.

In *People* v. *Rapsey*, (Cal. App.)* [96 Pac. (2d) 1000],

---

*In the case of *People* v. *Rapsey*, the Supreme Court granted a hearing on February 8, 1940. The opinion of the Supreme Court, holding that such a city attorney is a public officer, is reported in 16 Cal. (2d) 636, 107 Pac. (2d) 388.

a city attorney of the sixth class was held to be an employee and not an officer of the city.

A bond can be required of an employee as well as of an officer, but until July 1, 1935, when the board required a bond, plaintiff was under no duty to file any bond, and no oath of office is required of an employee.

█ In support of the demand of respondent that he, having been employed from month to month, was entitled to pay for the whole month of December, the case of *Ross* v. *Board of Education,* 18 Cal. App. 222 [122 Pac. 967], seems to fully support the claim of respondent, and we need not elaborate upon that point.

The superior court has heard the issues here presented and has found in support of respondent upon the several disputed questions of fact. There is ample evidence to support those findings.

From the foregoing it appears that the judgment should be affirmed. It is so ordered.

Thompson, J., and Tuttle, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied on February 13, 1941.