[Civ. No. 3291. Fourth Dist. Dec. 11, 1944.]

STATE DEPARTMENT OF PUBLIC HEALTH OF THE STATE OF CALIFORNIA, Appellant, v. COUNTY OF IMPERIAL, Respondent.

Robert W. Kenny, Attorney General, Carl Wynkoop and Allen L. Martin, Deputies Attorney General, for Appellant.

C. G. Halliday, District Attorney, and Don C. Bitler, Deputy District Attorney, for Respondent.

BARNARD, P. J.—This is an action to recover certain amounts expended for the hospitalization and medical care of two crippled children, as authorized by section 2979 (b) of the Political Code (now Health & Saf. Code, §§ 254-258). In connection with one of the children a claim for $450 was presented to the board of supervisors of the defendant county on January 26, 1931, and a further claim for $180 on March 27, 1931. In connection with the other child a claim for $470.50 was presented on September 20, 1930, a further claim of $320.50 was presented on November 21, 1930, and a third claim for $10 was presented on October 18, 1932. The board of supervisors took no action on these claims and they were neither allowed nor rejected. On April 15, 1942, more than 11 years after the first of these claims was presented and nearly 10 years after the last one, the plaintiff brought this action to collect these amounts. A demurrer on the ground that the action was barred by the various statutes of limitation was sustained. The plaintiff refused to amend and a judgment of dismissal was entered, from which the plaintiff has appealed.

■ The appellant relies on section 4078 of the Political Code which, so far as material here, provides that the refusal or neglect of the board to act upon such a claim "may, at the option of the claimant, be deemed equivalent to a final action and rejection on the ninetieth day," and that the claimant "may sue the county therefor at any time within six months after the final action of the board, but not afterward." It is argued that this six months' period does not begin to run until the claimant exercises his option to consider the claim as having been rejected. The complaint here alleged that the appellant did not at any time between the ninetieth day after these claims were filed and February 6, 1942, deem the failure of the board to act on said claims as equivalent to a final action and rejection on the ninetieth day but that on February 6, 1942, it did exercise its option and then deemed the refusal and neglect of the board to act within ninety days after the filing of the claims to be equivalent to a final action and rejection. It is, therefore, argued that this action, having been filed within six months of the latter date, was within the time permitted by section 4078.

The appellant relies on *Walton* v. *County of Kern,* 39 Cal. App.2d 32 [102 P.2d 531] ; *Barry* v. *County of Glenn,* 42 Cal. App.2d 76 [108 P.2d 81] ; *Harvey* v. *County of Kern,* 107 Cal.App. 590 [290 P. 648] ; *Hennessy* v. *County of San Bernardino,* 47 Cal.App.2d 183 [117 P.2d 745] ; and *Smith* v. *County of San Mateo,* 57 Cal.App.2d 820 [135 P.2d 372]. The first four of these cases have little direct bearing on the question presented.

In *Smith* v. *County of San Mateo,* the injury occurred on June 22, 1939; a claim was filed on September 18, 1939, the ninetieth day thereafter was December 17, 1939; and the complaint was filed on June 20, 1940, six months and three days after that date. A question was there directly presented as to whether or not the six months' period provided for in section 4078 commenced to run on the ninetieth day. The court held to the contrary, basing its decision on three early cases in which provisions now found in sections 712 and 714 of the Probate Code were considered, and on the general rule that the reenactment of a statute or the reenactment of another statute in similar language is to be construed as an adoption of a prior judicial interpretation of the former statute. It was, therefore, concluded that the plaintiff having exercised his option when he filed his action on June 20, 1940, had filed it within the six months' period fixed by section 4078.

While this conclusion finds some support, by analogy, in the cases there cited it is not so well supported by any reasoning expressed in those cases. The opinion itself points out that in the first two of the cited cases a distinction was drawn between "actual rejection" and "deemed rejection," and that "Neither of the cases discusses the meaning of the language that the exercise of the option should be equivalent to a rejection 'on the tenth day'." Moreover, the cases there cited were dealing with the language formerly used in sections 1496 and 1498 Code of Civil Procedure, which is somewhat different from the wording of section 4078 of the Political Code, with which we are here concerned. Section 1498 provided for written notice of an actual rejection and that a suit must be brought within three months after the service of such notice. Section 1496, while providing that a claimant might, at his option, deem the failure of the administrator to act as "equivalent to a rejection on the tenth day," contained no limitation of time within which the claimant must then act. Some interpretation of the meaning and effect of these two sections was therefore required and it was accordingly held that the "tenth day" was not conclusive as to the time of rejection.

On the other hand, section 4078 of the Political Code, which involves claims against a branch of the state government which may be sued on only by consent of the state and then by strict compliance with the terms of the permission granted, not only provides that a claimant may deem the failure of the board to act on a claim, presented as required by law, as "equivalent to a final action and rejection on the ninetieth day," but it then further specifically provides that if dissatisfied the claimant may sue the county thereon "at any time within six months after the final action of the board, but not afterward." The language thus used contains no ambiguity or uncertainty. Its meaning is clear and it leaves no room for any judicial interpretation or construction which would give a contrary effect to the intention clearly expressed therein. The final action of the board, within six months of which the suit may be filed, is the same constructive final action which is previously provided for in the same sentence. The claimant is given a clear-cut option which he may but does not have to exercise. That option is definitely defined as a right to consider and treat the claim as having been rejected on the ninetieth day, if he so desires. No option is given him to consider the claim as having been rejected at any earlier or later date. If he desires to exercise his option he must exer-

cise the one given him and not an entirely different one. Not only is this the clearly expressed intention of the language used but all doubt seems to be removed by the further provision contained in the same sentence that he may bring suit within six months after such constructive rejection (the final action referred to and which is the deemed rejection on the ninetieth day), and that he may not do so "afterward." His right to bring suit in such a case is thus expressly limited to a period of six months after the "ninetieth day" from the time the claim was filed.

Section 4078 is a part of the machinery provided requiring the presentation of claims before a suit may be brought, and the bringing of such a suit is also governed by other general statutes, including various statutes of limitations. This fact is recognized in *Smith* v. *County of San Mateo* and in *Walton* v. *County of Kern, Harvey* v. *County of Kern, Hennessy* v. *County of San Bernardino,* on which the appellant also relies.

The object and purpose of section 4078 was to prevent a situation where the board, by its failure to act, could indefinitely postpone a claimant's right to bring an action. The clear intent was to facilitate that end and to place a limitation both on the board and on the claimant. It clearly appears that it was not intended merely to transfer the means of delaying the matter from the board to the claimant and to give him, at his option, an unlimited time within which to bring an action in entire disregard of other statutory provisions. In general, the purpose of section 4078 was to shorten the time within which such a suit could be brought, where the claim had not been acted upon, and not to extend that time indefinitely at the option of the claimant. While this statute might have the effect of extending the time allowed by other statutes for filing such a suit under certain circumstances, no such a situation here appears.

It would be unreasonable to hold that although this action was barred by other statutes at the time the appellant alleges it elected to consider its claims rejected, some ten and eleven years after the claims were filed, it was intended by section 4078 to permit such a claimant, in direct violation of the limitation clearly expressed therein, to plead its own neglect and delay as a reason for keeping the action alive. In *Barclay* v. *Blackinton,* 127 Cal. 189 [59 P. 834], cited in *Smith* v. *County*

*of San Mateo,* the court, in speaking of a situation not entirely dissimilar to that with which we are now concerned, said:

"If it was barred by the statute when rejected, it continued to be barred when suit was brought upon it. Any other construction would enable a claim against an estate to be kept alive for years, or until all the witnesses were dead, simply by the neglect of the administrator to act upon it. He might forget it, or by accident or negligence mislay it, and the estate be closed and distributed, and yet under the interpretation of the statute claimed by plaintiff suit could be brought upon it and the assets taken from the heirs, though years had passed. If the contention of plaintiff is correct, the administrator by his negligence could add over seven months to the general statutes of limitation. If he could add seven, there is no reason why he could not add seven years, or any other time, in the same manner. The right of a claimant to enforce his claim under our statutes of limitations depends upon his own vigilance and is often lost by his own laches. We know of no principle that will preserve it by the carelessness or laches of the party against whom it is sought to be enforced."

In that same case, the court quoted from an Illinois case as follows:

" 'It was not the design of the general assembly that the filing of the claim should arrest the general statute of limitations . . . The object of this section is to facilitate and produce speedy settlement of estates of deceased persons, and it could not have been the design to give creditors an unlimited period of time within which to establish the justice of their claims after they had been exhibited in the probate court. Such a construction would defeat the manifest intention of the enactment.' "

In effect, the appellant would change the wording of section 4078, and interpret it as providing not only that a claimant may exercise an option at any time after the ninetieth day, but also that his option then is to deem the board's neglect to act as equivalent to a rejection on the day he elects to consider it rejected (instead of on the 90th day after filing) and that he may sue the county within six months after he decides to act in the matter (instead of after the board's final action, as fixed by the statute). Such an interpretation of this statute not only is contrary to its plain meaning, but it would defeat its manifest intention and purpose. In our opinion, the causes

of action here alleged were barred by the provisions of section 4078 of the Political Code, and it follows that the demurrer was properly sustained.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.