---

[No. 8745.   Department Two.— June 23, 1885.]
# BANK OF UKIAH, APPELLANT, v. SUSAN SHOEMAKE, EXECUTRIX, ETC., RESPONDENT.

ESTATES OF DECEASED PERSONS—REJECTION OF CLAIM—STATUTE OF LIMITATIONS.— The period of three months within which an action upon a rejected claim against the estate of a deceased person must be brought under section 1498 of the Code of Civil Procedure does not commence to run until the actual rejection of the claim by an indorsement to that effect.

APPEAL from a judgment of the Superior Court of Sonoma County.

The facts sufficiently appear in the opinion of the court.

*T. L. Carothers,* and *Henley, Whipple & Oates,* for Appellant.

*A. B. Ware,* for Respondent.

THORNTON, J. — The court is of opinion that the rejection referred to in section 1498 of the Code of Civil Procedure, from the date of which the time for bringing an action on a rejected claim begins to run, is an actual rejection of the claim by the personal representative of a deceased person, and that it has no reference to the refusal by or neglect of the personal representative to indorse on the presented claim a refusal or rejection for ten days after the claim has been presented to him. Such refusal or neglect to indorse may, at the option of the claimant, be deemed equivalent to a rejection on the tenth day after the presentation. (§ 1496, Code Civ. Proc.) This clause is inserted only to enable the claimant to bring his action after the lapse of the tenth day if he so elect, on the occurrence of such neglect or refusal. But the period in which the action is barred does not commence to run in any event until after the actual rejection of the claim by an indorsement to that effect. It does not appear from the complaint that the claim has ever been actually rejected. We therefore think the action was commenced in time though it was brought more than three months after the *deemed rejection.*

It follows from these views that the court erred in sustaining the demurrer to the complaint, and the judgment must be reversed and cause remanded to the Superior Court of Sonoma County with a direction to that court to overrule the demurrer, and for such other proceedings as may be in conformity with law.

So ordered.

SHARPSTEIN, J., and MYRICK, J., concurred.