[Civ. No. 12341.   First Dist., Div. Two.   Mar. 29, 1943.]

PETER L. SMITH, Appellant, v. COUNTY OF SAN MATEO, Respondent.

Walter McGovern, James F. Brennan and Harrison W. Call for Appellant.

George M. Naus and Gilbert D. Ferrell for Respondent.

NOURSE, P. J.—Plaintiff has appealed from an adverse judgment in an action for damages for the wrongful death of his minor son.

The death occurred while the minor was a member of a summer camp conducted by the defendant Young Men's Christian Association (as to said defendant the action was dismissed with prejudice) in a public park maintained by the defendant county of San Mateo. At the time of the accident the child was sleeping in a cabin in the park. A large redwood tree, without any disclosed external cause, fell across the cabin causing the fatal injury. The injury occurred on June 22, 1939. A claim against the county was filed on September 18, 1939. The ninetieth day thereafter was December 17, 1939. Six months after that day was June 17, 1940. The complaint was filed on June 20, 1940.

The trial court found that the death was a proximate result of the negligence of the respondent and that the plaintiff had been damaged in the sum of $5,000, but it further found that the cause of action was barred for failure to commence the action within six months from the implied denial by the county of a claim for damages as provided by section 4078 of the Political Code.

The appellant has devoted the greater part of his brief to an attempt to show that the finding of negligence is supported by the evidence, but the respondent answers correctly that the question of negligence is not at issue on this appeal as it cannot attack the finding since it is not a party aggrieved by the judgment.

Appellant also contends that the amount of the judgment is inadequate. To sustain the contention he cites a number of cases wherein judgments for the death of a minor child ranging in amount from $7,833 to $15,000, have been held to be not excessive.

The principal question presented is the statute of limitations. The trial court held that the action was barred, and this issue depends upon the interpretation of the code section relating to a failure of the supervisors to act upon the claim. Section 4078 of the Political Code provides: "If the board refuse or neglect to allow or reject a claim or demand for ninety days after the same has been filed with the clerk, such refusal or neglect may, at the option of the claimant, be deemed equivalent to a final action and rejection on the ninetieth day, and a claimant dissatisfied with the rejection of his claim or demand, or with the amount allowed him on

his account, may sue the county therefor at any time within six months after the final action of the board, but not afterward. . . ." It is respondent's theory that an election to exercise the option to treat the failure to act as a rejection is necessarily an election to treat it as a rejection "on the ninetieth day" and that the six months time within which suit may be brought commences to run on the ninetieth day. Respondent does not cite any authority to support the contention but merely cites cases on the general question of the construction of the statute. Appellant's principal argument is based upon an analogy to sections 712 and 714 of the Probate Code and the cases construing these sections, and his theory that the rejection dates from the time of the actual election to treat non-action as a rejection rather than the expiration of the ninety day period.

The history of the Probate Code sections is that they were based upon sections 1496 and 1498 of the Code of Civil Procedure. Section 1496 provided that if the executor or administrator refused or neglected to approve a claim against the estate "such refusal or neglect may, at the option of the claimant, be deemed equivalent to a rejection on the tenth day;" (1906). Section 1498 required that a suit on a claim be commenced "within three months after the date of its rejection." In *Bank of Ukiah* v. *Shoemake*, 67 Cal. 147, 148 [7 P. 420], the Supreme Court said: "But the period in which the action is barred does not commence to run in any event until after the actual rejection of the claim by the indorsement to that effect. It does not appear from the complaint that the claim has ever been actually rejected. We therefore think the action was commenced in time though it was brought more than three months after the *deemed rejection.*" In *Cowgill* v. *Dinwiddie*, 98 Cal. 481, 486 [33 P. 439], the court said: "Under what is believed to be the rule, established by Bank of Ukiah v. Shoemake, it is held that a claimant, who has not elected to consider his claim rejected upon the tenth day after presentation, may subsequently thereto, and at any time before official action by the executor or administrator thereon, elect at his option to consider his claim as rejected, and may, under section 1498, bring an action thereon within three months thereafter, and in the absence of other proof suit brought is conclusive evidence of such election and notice thereof."

It will be noted that in both of these cases the court draws a distinction between actual rejection and deemed rejection

and assumes that the deemed rejection took place at the date when the claimant exercised his option. Neither of the cases discusses the meaning of the language that the exercise of the option should be equivalent to a rejection "on the tenth day." In *Barclay* v. *Blackinton,* 127 Cal. 189, 193 [59 P. 834], these cases were cited as authority for the statement that the claimant could bring his suit "after the tenth day without any formal rejection of the claim." It was thereupon held that the claimant in that case could bring his suit at any time up to the expiration of one year after letters issued in accordance with the general limitations found in section 353 of the Code of Civil Procedure. It is significant that following these decisions section 1498 was amended to read as section 714 of the Probate Code now reads providing that the claimant could sue within three months "after the date of service" of notice of rejection.

But section 4078 of the Political Code is based upon the County Government Act of 1897 (Stats. 1897, p. 452), section 43 of which is identical with section 4078 of the Political Code in respect to the right of the claimant against a county to deem non-action equivalent to a final rejection. When we recall that *Bank of Ukiah* v. *Shoemake* was decided in 1885 and that *Cowgill* v. *Dinwiddie* was decided in 1893, we are faced with the doctrine that the Legislature is deemed to have been cognizant of the judicial interpretation of the statute and that a re-enactment of the same statute, or an enactment of another in similar language, is to be construed as an adoption of such judicial interpretation. Upon the rule of the cases cited above we conclude that plaintiff, having exercised his option when he filed his action on June 20, 1940, to recover for injuries which were sustained on June 22, 1939, was within the limitations of section 340 of the Code of Civil Procedure and was also within the period of six months "after the final action of the board" fixed by section 4078 of the Political Code.

As heretofore stated, the question of negligence is not before us on this appeal. Neither the statutes nor the rules of court provide for cross appeals in situations of this kind. When judgment is entered against the county it should not be prejudiced by anything said at this time if it should elect to appeal, and thereupon put in issue the finding of negligence.

Appellant's third point does not require extended discussion. Cases cited by him hold that the particular judg-

ments for the death of a minor child were not excessive in amount. But it has been held repeatedly that the amount of damages to be awarded in a particular case should be left to the trier of the facts and should be determined upon the circumstances of each case. What might not be excessive in a particular case is no proof that a smaller amount is inadequate where the circumstances and conditions are not the same.

The judgment is reversed with directions to enter judgment for the plaintiff on the findings in the sum heretofore fixed by the trial court.

Spence, J., and Dooling, J. pro tem., concurred.