[No. S090136. Jan. 9, 2003.]

GENEVA TOWERS LIMITED PARTNERSHIP, Plaintiff and Appellant,
v.
CITY AND COUNTY OF SAN FRANCISCO, Defendant and Respondent.

## COUNSEL

Divelbiss, Divelbiss & Bonzell, Robert Owen Divelbiss, Mark J. Divelbiss; and Robert S. Beach for Plaintiff and Appellant.

Bewley, Lassleben & Miller, Jeffrey S. Baird and Joseph A. Vinatieri as Amici Curiae on behalf of Plaintiff and Appellant.

Dennis J. Herrera and Louise H. Renne, City Attorneys, Patrick J. Mahoney, Jeffrey I. Margolis, Julie Van Nostern, Ellen Forman, Joseph M. Quinn and Owen Martikan, Deputy City Attorneys, for Defendant and Respondent.

Ruth Sorensen for California State Association of Counties as Amicus Curiae on behalf of Defendant and Respondent.

Bill Lockyer, Attorney General, Timothy G. Laddish, Assistant Attorney General; and David H. Levine for California State Board of Equalization and California Franchise Tax Board as Amici Curiae on behalf of Defendant and Respondent.

## OPINION

**MORENO, J.**—In this case, we consider what statute of limitations applies when a county or city fails to act upon a claim for refund of property taxes within six months and the taxpayer elects under Revenue and Taxation Code section 5141, subdivision (b) to "consider the claim rejected and bring an action" in superior court. For the reasons that follow, we conclude that the applicable statute of limitations is the six-month period set forth in Revenue and Taxation Code section 5141, subdivision (a), rather than the general four-year statute of limitations set forth in Code of Civil Procedure section 343 applied by the Court of Appeal.

We also consider when the applicable statute of limitations begins to run. The Court of Appeal held that the limitations period begins to run on the first day the taxpayer could consider the claim rejected, i.e., six months after the claim for refund was filed. We disagree. As explained below, the limitations period begins to run when the county or city rejects the claim for refund in whole or in part or, if the public entity fails to act within six months, when the claimant elects to consider the claim rejected and bring an action for a tax refund. Accordingly, we reverse the judgment of the Court of Appeal.

FACTS

On November 27, 1991, plaintiff Geneva Towers Limited Partnership submitted a claim for a refund of property taxes to defendant City and County of San Francisco, asserting the assessed value of the apartment building it owned was too high and seeking a partial refund of the property taxes it paid for the tax years 1987-1988 through 1990-1991.

More than seven years later, on January 26, 1999, plaintiff filed an action for a tax refund in superior court. In an amended complaint, plaintiff alleged that after it acquired the property in August, 1987, the Assessor-Recorder of the City and County of San Francisco set a new base year value for the property of $22,888,888. Following hearings before the Assessment Appeals Board, the base year value was reduced to $10,343,712. Plaintiff apparently believed the assessed value should have been reduced further and alleged that it paid the taxes in dispute and filed a Claim for Refund pursuant to section 5097 of the Revenue and Taxation Code, but no refund had been paid. The amended complaint does not state whether or when plaintiff's claim for refund was denied.

Defendant demurred, claiming that the action was barred by the statute of limitations, both under Revenue and Taxation Code section 5141, subdivision (a), which provides that an action for a tax refund "shall be commenced within six months from and after the date that the board of supervisors or city council rejects a claim for refund in whole or in part," and under Code of Civil Procedure section 343, which provides that an action for which a limitation period is not otherwise provided, "must be commenced within four years after the cause of action shall have accrued."

The superior court sustained defendant's demurrer without leave to amend on the ground that the action was barred by the six-month statute of limitations set forth in Revenue and Taxation Code section 5141, subdivision (a). The Court of Appeal affirmed the judgment but disagreed with the trial court's reasoning, holding instead that the action was barred by the

four-year statute of limitations set forth in Code of Civil Procedure section 343 which, according to the Court of Appeal, began to run on the first day plaintiff could have considered the claim rejected, i.e., six months after the claim for refund was filed. We granted review.

## DISCUSSION

■ Revenue and Taxation Code section 5141, subdivision (a)[1] establishes a six-month statute of limitations for an action for a property tax refund, stating that such an action "shall be commenced within six months from and after the date that the board of supervisors or city council rejects a claim for refund in whole or in part." Subdivision (b) of that statute establishes a different six-month period, providing that "if the board of supervisors or city council fails to mail notice of its action on a claim for refund within six months after the claim is filed, the claimant may, prior to mailing of notice by the board of supervisors or city council of its action on the claim, consider the claim rejected and bring an action under this article." (*Id.*, § 5141, subd. (b).) The statute thus permits, but does not require, a claimant to deem its claim denied if the county or city fails to give notice of its action within six months of the filing of the claim. (Cf. *Estate of Moore* (1974) 43 Cal.App.3d 334, 339 [117 Cal.Rptr. 571].)

Section 5141, subdivision (b) does not establish any limitation period within which the claimant must deem the claim denied if not acted upon. We agree with the Court of Appeal, therefore, that the present claim was not automatically deemed denied six months after it was filed, and the six-month statute of limitations contained in section 5141, subdivision (a), which commences upon the board's denial of a claim, was not triggered at that time. We disagree, however, with the Court of Appeal's holding that the four-year statute of limitations set forth in Code of Civil Procedure section 343 applies and begins to run six months after the claim was filed if the county or city fails to act upon a claim for refund within that time.

■ Code of Civil Procedure section 343 states: "An action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued." It is a catchall provision that provides a statute of limitations in situations where no specific limitations period applies. (*Stoll v. Superior Court* (1992) 9 Cal.App.4th 1362, 1366 [12 Cal.Rptr.2d 354]; 3 Witkin, Cal. Procedure (4th ed. 1996) Actions, § 617, p. 793.) "The legislature has . . . specified the limitations applicable to a wide

---

[1]All further statutory references are to the Revenue and Taxation Code, unless otherwise noted.

variety of actions, and then to rebut the possible inference that actions not therein specifically described are to be regarded as exempt from limitations, it has specified a four-year limitation upon 'an action for relief not hereinbefore provided for' (sec. 343) . . . ." (*Bogart v. George K. Porter, Co.* (1924) 193 Cal. 197, 201 [223 P. 959, 31 A.L.R. 1045].)

The Court of Appeal applied the catchall provision of Code of Civil Procedure section 343 in the present case because it concluded that the six-month period set forth in section 5141, subdivision (a) did not apply to lawsuits in which the claimant had considered the claim rejected under subdivision (b) of that statute. We disagree.

The six-month statute of limitations set forth in section 5141, subdivision (a) applies to all actions against cities and counties for property tax refunds. Such actions are governed by section 5140, which authorizes a taxpayer to "bring an action . . . to recover a tax which the board of supervisors of the county or the city council of the city has refused to refund on a claim filed pursuant to . . . this chapter." The six-month statute of limitation set forth in section 5141, subdivision (a) applies to "[a]n action brought under this article . . . ." An action for a property tax refund is brought under that article whether the claim was rejected or the claimant elected to consider the claim rejected under section 5141, subdivision (b). Section 5141, subdivision (a) thus provides a specific statute of limitations for all actions for property tax refunds. Accordingly, the catchall provision of Code of Civil Procedure section 343 does not apply. And the statute of limitations imposed by section 5141, subdivision (a), begins to run on "the date that the board of supervisors or city council rejects a claim for refund in whole or in part."

Accordingly, we reject defendant's contention that the statute of limitations in the present case began to run six months after the claim was filed. (See *Signal Oil & Gas Co. v. Bradbury* (1960) 183 Cal.App.2d 40, 43 [6 Cal.Rptr. 736] ["Inasmuch as the question of the illegality of the taxes is in dispute, rejection of the claims must be made by the board before suit to recover can be maintained."].) It is true that under subdivision (b) of section 5141, the claimant "*may* . . . consider the claim rejected and bring an action" (italics added) if the board of supervisors or city council fails to mail notice of its action on a claim for refund within six months after the claim is filed, but the claimant is not required to do so. Unless the claimant chooses to consider the claim rejected and files suit, the statute of limitations does not begin to run until the public entity denies the claim for refund. (*Bunker v. County of Orange* (2002) 103 Cal.App.4th 542, 553 [126 Cal.Rptr.2d 825].)

A considerable time ago, we confronted these same issues in the context of a similar statutory scheme. In *Bank of Ukiah v. Shoemake* (1885) 67 Cal.

147 [7 P. 420], we examined former Code of Civil Procedure section 1496 (Stats. 1880, ch 85, § 58, p. 90 (Amends. to Codes), repealed by Stats. 1931, ch. 281, § 1700, p. 687; see now Prob. Code, § 9256), which stated that the refusal or neglect to indorse or reject a claim against a decedent's estate within 10 days "may, at the option of the claimant, be deemed equivalent to a rejection on the tenth day." Former Code of Civil Procedure section 1498 established the statute of limitations for rejected claims, stating: "When a claim is rejected . . . , the holder must bring suit . . . within three months after the date of its rejection . . . ." (Stats. 1880, ch. 85, § 58, p. 91 (Amends. to Codes) repealed by Stats. 1931, ch. 281, § 1700, p. 687.) We held in *Bank of Ukiah* that this three-month period began to run only when the claim actually was rejected, and not when the claimant deemed the claim rejected: "The court is of opinion that the rejection referred to in section 1498 of the Code of Civil Procedure, from the date of which the time for bringing an action on a rejected claim begins to run, is an actual rejection of the claim by the personal representative of a deceased person, and that it has no reference to the refusal by or neglect of the personal representative to indorse on the presented claim a refusal or rejection for ten days after the claim has been presented to him. . . . This clause [permitting the claimant to deem a claim rejected after ten days] is inserted only to enable the claimant to bring his action after the lapse of the tenth day if he so elect, on the occurrence of such neglect or refusal. But the period in which the action is barred does not commence to run in any event until after the actual rejection of the claim by an indorsement to that effect. It does not appear from the complaint that the claim has ever been actually rejected. We therefore think the action was commenced in time though it was brought more than three months after the *deemed rejection*." (*Bank of Ukiah, supra,* 67 Cal. at p. 148.)

In *Cowgill v. Dinwiddie* (1893) 98 Cal. 481 [33 P. 439], we examined the same statutes at issue in *Bank of Ukiah* and observed that former Code of Civil Procedure section 1496 permitted, but did not require, a claimant to consider a claim rejected if the claim was not indorsed as allowed within 10 days: "If not so indorsed within ten days the 'refusal or neglect *may at the option of the claimant* be deemed equivalent to a rejection on the tenth day.' As this is optional with the claimant, he need not so deem it unless he chooses. [Citation.] A claimant may well suppose in many instances that his demand, although not allowed within ten days, will ultimately be approved, and hence that an action to establish its validity will be unnecessary." (*Cowgill, supra,* 98 Cal. at p. 483.) The court in *Cowgill* agreed with the contention that "when the executor fails to avail himself of his privilege to accept or reject a claim in ten days after presentation, that the claimant may

*at any time thereafter* elect to regard such non-action as rejection, and it is only when he does so that the bar provided for by section 1498 is set in motion." (*Id.* at p. 485.)

This result was just, the court explained, because "[t]he representative of the estate always has it in his power to set the statute in motion by an early rejection of claims presented to him. If he fails to do so, it would seem hardly just to a claimant, who has not exercised his option at the end of ten days, to consider the claim rejected, to hold him to have set the statute in motion as of that date, when he afterwards brings an action on the claim." (*Cowgill v. Dinwiddie, supra,* 98 Cal. at pp. 485-486.)

The court made clear that if a claim is not acted upon within 10 days, a claimant may elect to consider a claim rejected at any time: "[A] claimant, who has not elected to consider his claim rejected upon the tenth day after presentation, may subsequently thereto, and at any time before official action by the executor or administrator thereon, elect at his option to consider his claim as rejected, and may, under section 1498, bring an action thereon within three months thereafter . . . ." (*Cowgill v. Dinwiddie, supra,* 98 Cal. at p. 486; *Hinkel v. Crowson* (1927) 83 Cal.App. 87, 98-99 [256 P. 479].)

In *Smith v. County of San Mateo* (1943) 57 Cal.App.2d 820 [135 P.2d 372], the Court of Appeal examined former Political Code section 4078, which applied to claims against a county and provided: " 'If the board [of supervisors] refuse or neglect to allow or reject a claim or demand for ninety days after the same has been filed with the clerk, such refusal or neglect may, at the option of the claimant, be deemed equivalent to a final action and rejection on the ninetieth day, and a claimant dissatisfied with the rejection of his claim or demand, or with the amount allowed him on his account, may sue the county therefor at any time within six months after the final action of the board, but not afterward . . . .' " (*Smith, supra,* 57 Cal.App.2d at pp. 821-822.) The plaintiff filed a claim on September 18, 1939. Ninety days after that date was December 17, 1939, and six months from that date was June 17, 1940. The plaintiff filed his complaint on June 20, 1940. The Court of Appeal held the complaint was timely filed, rejecting the defendant's argument that the plaintiff's election "to treat the [county's] failure to act as a rejection is necessarily an election to treat it as a rejection 'on the ninetieth day' and that the six months time within which suit may be brought commences to run on the ninetieth day." (*Id.* at p. 822.) Relying upon our decisions in *Bank of Ukiah* and *Cowgill v. Dinwiddie,* the Court of Appeal observed "that in both of these cases the court draws a distinction between actual rejection and deemed rejection and assumes that the deemed rejection

took place at the date when the claimant exercised his option." (*Smith, supra,* 57 Cal.App.2d at pp. 822-823.)

But the Court of Appeal in *State Dept. of Pub. Health v. Imperial* (1944) 67 Cal.App.2d 244 [153 P.2d 957] disagreed with the holding in *Smith v. County of San Mateo,* and adopted a different interpretation of former Political Code section 4078. The Court of Appeal distinguished our decisions in *Bank of Ukiah* and *Cowgill v. Dinwiddie* on the basis that the language of former Code of Civil Procedure section 1498, which was at issue in those cases, differed significantly from the language of former Political Code section 4078. The court noted that former Political Code section 4078 "not only provides that a claimant may deem the failure of the board to act on a claim, presented as required by law, as 'equivalent to a final action and rejection on the ninetieth day,' but it then further specifically provides that if dissatisfied the claimant may sue the county thereon 'at any time within six months after the final action of the board, but not afterward.'" (*State Dept. of Pub. Health v. Imperial, supra,* 67 Cal.App.2d at p. 247.) The court concluded that this language clearly and unambiguously gave the claimant only one option; to consider the claim denied on the 90th day: "No option is given him to consider the claim as having been rejected at any earlier or later date." (*Ibid.*)

The basis used by the Court of Appeal in *Imperial* to distinguish our holdings in *Bank of Ukiah* and *Cowgill v. Dinwiddie* does not apply in the present case. Unlike former Political Code section 4078 at issue in *Imperial,* which stated that a deemed rejection of a claim was "equivalent to a final action and rejection *on the ninetieth day*" (*State Dept. of Pub. Health v. Imperial, supra,* 67 Cal.App.2d 244, 246, italics added), the statute at issue here contains no such language and states instead that "the claimant may, prior to mailing of notice by the board of supervisors or city council of its action on the claim, consider the claim rejected and bring an action under this article." (§ 5141, subd. (b).) Accordingly, the decision in *State Dept. of Pub. Health v. Imperial, supra,* 67 Cal.App.2d 244, has no bearing on the resolution of the present case.

Also instructive is the decision in *Hochfelder v. County of Los Angeles* (1954) 126 Cal.App.2d 370 [272 P.2d 844]. On May 16, 1952, Hochfelder filed a claim for damages with the Los Angeles County Board of Supervisors. Nearly a year later, the board denied the claim on April 7, 1953. Hochfelder filed suit less than a month later on May 5, 1953. The county asserted the suit was barred by the six-month statute of limitations imposed by Code of Civil Procedure section 342 and Government Code section

29715 because the claim had been denied by operation of law 90 days after it was filed under former Government Code section 29714, which stated: "If the board refuses or neglects to allow or reject a claim for 90 days after it is filed with the clerk, the claimant may treat the refusal or neglect as final action and rejection on the ninetieth day." (Stats. 1947, ch. 424, § 1, p. 1236, repealed by Stats. 1959, ch. 1725, § 1, p. 4138.)

Los Angeles County reasoned that Hochfelder's claim had been denied by operation of law on the 90th day after it was filed and the county's subsequent formal rejection of the claim was a nugatory act. The Court of Appeal rejected this argument, noting that the statute permits the claimant to treat the board's failure to act within 90 days as a rejection of the claim, but does not require the claimant to do so. In so holding, the Court of Appeal examined the purpose of the statute: "Since one of the principal objectives of this species of legislation is to facilitate adjustment of claims without suit and assure adequate time for consideration and investigation of the particulars of the alleged claim by the public authority, the Legislature has seen fit to abstain from fixing any period of time within which such claims must be allowed or rejected. This was undoubtedly a recognition of the fact that while simple claims could be expeditiously processed, other claims involving complex questions of law or fact or entailing comprehensive investigation or extensive negotiation would require more prolonged attention. It is presumed, of course, that official duty will be diligently pursued and that claims would not be held up or postponed beyond the time reasonably necessary to pass upon them. But this may not in every instance be so. Thus, the object and purpose of section 29714 of the Government Code (and that of its precursor, section 4078 of the Political Code) was to obviate a situation in which the board, by its own nonaction, could defer indefinitely a claimant's right to bring an action. The clearly intended import of that section is that a claimant *may* treat the failure of the board to act as tantamount to a final action and rejection of the claim on the ninetieth day. It accords solely to the claimant the privilege of 'treating' the claim as denied. This privilege or option he 'may' but is not required to exercise. He may elect to wait until the board discharges its responsibility by acting upon his claim in due course. [Citation.]" (*Hochfelder v. County of Los Angeles, supra*, 126 Cal.App.2d 370, 374-375.)

The court in *Hochfelder* found "little merit" in the argument that unless the claim was denied by operation of law on the 90th day, the claimant could delay indefinitely the running of the statute of limitations: "All that is required to start the running of the statute is for the board to pass upon the claim, as it was intended by the Legislature that it should do. The board has

full control and mastery over the course of events." (*Hochfelder v. County of Los Angeles, supra,* 126 Cal.App.2d 370, 376.)

The holding in *Hochfelder* was followed in *Consolidated Liquidating Corp. v. Ford* (1955) 131 Cal.App.2d 576 [281 P.2d 20], in which the board of supervisors failed to act upon a claim for tax refund. More than a year and a half after the claim was made, the claimant filed a Request for Immediate Action on Claim for Refund, which the board denied. The claimant then sought and was granted a writ of mandate to compel the board to act upon the claim.

In affirming the judgment, the Court of Appeal in *Consolidated Liquidating Corp.* rejected the contention that former Government Code section 29714, coupled with the six-month statute of limitation, required the claimant to bring suit within six months after the board failed to act within 90 days, stating: "Both sections contain permissive clauses, allowing a claimant to treat the neglect to act as a rejection of the claim, but they are permissive only . . . ." (*Consolidated Liquidating Corp. v. Ford, supra,* 131 Cal.App.2d 576, 578-579, fn. omitted.)

█ It also is instructive to consider the similar provisions in the Revenue and Taxation Code governing claims for refunds of sales and use taxes. Section 6932 requires that a claim for refund be filed before a suit may be brought. Section 6933 sets forth the applicable statute of limitations; stating that any suit must be filed "[w]ithin 90 days after the mailing of the notice of the board's action upon a claim . . . ." Section 6934 states, in language that mirrors section 5141, subdivision (b) here at issue: "If the board fails to mail notice of action on a claim within six months after the claim is filed, the claimant may, prior to the mailing of notice by the board of its action on the claim, consider the claim disallowed and bring an action . . . ." The California Code Commission notes regarding section 6934 make it clear that this provision is permissive only: "This section merely gives the claimant a right additional to that conferred by the preceding section, i.e., while the claimant may, on failure of the board to give notice of its action on a claim within six months, bring an action for a refund, the claimant does not have to do so. He can always wait for the board to mail notice and then bring suit within ninety days thereafter." (Code Com. Notes, reprinted at 60 West's Ann. Rev. & Tax. Code (1998 ed.) foll. § 6934, p. 230.)

Defendant attempts to twist the Code Commission's statement to mean that "[i]f 'six months after the claim is filed' the taxpayer elects to 'wait for the Board to mail notice,' the taxpayer has lost his right to deem the claim

denied." The attempt fails. Defendant's interpretation flies in the face of the statutory language, which states that if the board fails to mail notice of its ruling within six months, the claimant may consider the claim disallowed and bring an action "prior to the mailing of notice by the board of its action on the claim." (§ 6934.) The plain meaning of the statutory language is that if the board fails to act within six months, the claimant may consider the claim rejected and file an action at any time before the board mails notice of its action.

 Defendant would interpret section 5141, subdivision (b) to provide that if the claimant elects to consider the claim rejected because the public entity failed to act within six months, the claim is treated as if it were rejected six months after it was filed. To so interpret the statute, we would have to insert additional language. As noted above, former Government Code section 29714 applied to claims for damages against a county and provided: "If the board refuses or neglects to allow or reject a claim for 90 days after it is filed with the clerk, the claimant may treat the refusal or neglect as final action and rejection *on the ninetieth day*." (Italics added.) Similarly, Probate Code section 9256, which applies to claims against an estate, provides: "If within 30 days after a claim is filed the personal representative or the court or judge has refused or neglected to act on the claim, the refusal or neglect may, at the option of the creditor, be deemed equivalent to giving a notice of rejection *on the 30th day*." (Italics added.) As discussed above, section 5141, subdivision (b) contains no similar language. It is not within our province to interpret the statute as if it contained language that the Legislature chose to omit.

Defendant relies upon our decision in *Dillon v. Board of Pension Comrs.* (1941) 18 Cal.2d 427 [116 P.2d 37, 136 A.L.R. 800] to support the proposition that "[w]here the Legislature imposes a claim requirement and authorizes constructive rejection, an action accrues when the plaintiff can consider the claim rejected." *Dillon* does not so hold. In *Dillon*, the plaintiff's police officer husband died in April 1934. The plaintiff's application for a widow's pension was denied in February 1935. More than three years later, in December 1938, the plaintiff filed a proceeding in mandamus to compel the payment to her of a pension. The plaintiff argued that the action was not barred by the three-year statute of limitations set forth in Code of Civil Procedure section 338 because the right to receive periodic payments under a pension is a continuing one and, therefore, the right to sue for each installment accrues when that payment comes due. We rejected this argument, noting that before any payments were due, the plaintiff was required to establish her right to receive a pension. We held that the cause of action to

establish the right to a pension accrued upon the death of the plaintiff's husband. Once a plaintiff files a claim, the running of the statute of limitations is tolled while the claim is considered and begins to run again when the claim is denied. The decision in *Dillon* does not involve a provision for "constructive rejection" of a claim and has no bearing on the issues before us in the present case.

While we are compelled by the language of the applicable statutes to conclude that the statute of limitations does not begin to run until the claim for refund is denied, we observe that this result also is supported by practical considerations. As noted by the State Board of Equalization and the Franchise Tax Board, appearing as amici curiae and represented by the Attorney General, our rule will obviate the need for claimants to file unnecessary "protective" lawsuits when a claim involving difficult issues remains unresolved for more than four years. The Attorney General notes that where a number of administrative appeals involve a common issue, a "lead case" may be designated to resolve the issue while the remaining cases are held in abeyance. If the resolution of the lead case, including any appeals, takes several years, some claimants whose claims are being held in abeyance might be forced to file suit, rather than wait for the resolution of the lead case to determine whether such judicial proceedings are necessary.

In addition, having the statute of limitations commence six months after the claim was filed, if the public entity has not acted, would create a trap for the unwary. A taxpayer who files a claim for refund reasonably might assume that no further action is required until the public entity rules upon the claim. Having the six-month statute of limitation imposed by section 5141, subdivision (a) commence automatically six months after the claim is filed if the public entity has not acted would produce unpleasant and unfair surprises for many claimants whose suits for refunds would be barred by the statute of limitations before the public entity ever acted upon the claim.

We conclude the demurrer in the present case should have been overruled. "A demurrer based on a statute of limitations will not lie where the action may be, but is not necessarily, barred. [Citation.] In order for the bar of the statute of limitations to be raised by demurrer, the defect must clearly and affirmatively appear on the face of the complaint; it is not enough that the complaint shows that the action may be barred. [Citation.]" (*Marshall v. Gibson, Dunn & Crutcher* (1995) 37 Cal.App.4th 1397, 1403 [44 Cal.Rptr.2d 339].)

The applicable statute of limitations in the present case is "six months from and after the date that the board of supervisors or city council rejects a claim for refund in whole or in part." (§ 5141, subd. (a).) If the county or

city fails to act on the claim for more than six months, the statute of limitations does not begin to run unless and until the public entity denies the claim in whole or in part or the claimant elects to "consider the claim rejected and bring an action" for a tax refund. (*Id.*, § 5141, subd. (b).) The complaint in the present case does not reflect when or if the claim for refund was denied. Accordingly, it does not clearly and affirmatively appear on the face of the complaint that the action is barred by the statute of limitations and the demurrer should have been overruled on this ground.[2]

## CONCLUSION

The statute of limitations applicable to claims against cities and counties for property tax refunds is the six-month period set forth in Revenue and Taxation Code section 5141, subdivision (a). That period commences when the public entity denies the claim for refund in whole or in part. If the public entity fails to act within six months, the claimant may deem the claim rejected and file an action for a refund at any time "prior to mailing of notice by the board of supervisors or city council of its action on the claim." (§ 5141, subd. (b).) The Legislature has placed no time limits on when the public entity must act on the claim or when the claimant may deem the claim rejected.

We are unpersuaded by defendant's argument that claimants could unreasonably delay the filing of a cause of action for a tax refund: "All that is required to start the running of the statute is for the board to pass upon the claim, as it was intended by the Legislature that it should do. The board has full control and mastery over the course of events." (*Hochfelder v. County of Los Angeles, supra*, 126 Cal.App.2d 370, 376.)

The judgment of the Court of Appeal is reversed.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Chin, J., and Brown, J., concurred.

---

[2]In its brief before this court, defendant argues for the first time that the action is barred because plaintiff failed to file its action for a tax refund within six months after the Assessment Appeals Board reduced the base year value to $10,343,712. In a letter filed prior to oral argument, defendant appears to withdraw this issue. In any event, defendant may not raise this contention for the first time in this court. (*Molko v. Holy Spirit Assn.* (1988) 46 Cal.3d 1092, 1114, fn. 14 [252 Cal.Rptr. 122, 762 P.2d 46]; Cal. Rules of Court, rule 28(c)(1).)