NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE RIERA; et al., <br><br>             Plaintiffs-Appellants, <br><br>    v. <br><br> SOMATICS, LLC, <br><br>             Defendant-Appellee. | No. 18-56470 <br><br> D.C. No. <br> 2:17-cv-06686-RGK-PJW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted April 2, 2020[**]
Pasadena, California

Before: BEA and BADE, Circuit Judges, and DRAIN,[***] District Judge.

Plaintiffs Michelle Himes, Diane Scurrah, Marcia Benjamin, and Daniel

Benjamin (collectively, "Plaintiffs") appeal the district court's dismissal of their

---

    [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

Third Amended Complaint ("TAC") against Somatics, LLC under Federal Rule of Civil Procedure 12(b)(6) on statute of limitations grounds.  The district court had diversity jurisdiction pursuant to 28 U.S.C. § 1332, and we have jurisdiction pursuant to 28 U.S.C. § 1291.  "A federal court sitting in diversity applies the substantive law of the state, including the state's statute of limitations." *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011) (citation omitted).  We review de novo the district court's grant of a motion to dismiss under Rule 12(b)(6). *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). We reverse and remand to the district court for further proceedings.

1.	To the extent the district court erred by failing to construe Somatics's Rule 12(b)(6) motion to dismiss as a Rule 12(c) motion for judgment on the pleadings, the error is harmless because the same standard applies to Rule 12(b)(6) and Rule 12(c) motions.  *See United States ex. rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).

2.	The district court erred by dismissing Plaintiffs' TAC on statute of limitations grounds.  Under California law, the district court could dismiss Plaintiffs' TAC on statute of limitations grounds only if the TAC stated dates that "clearly and affirmatively appear on the face of the complaint; it is not enough that the complaint shows that the action may be barred." *Geneva Towers Ltd. P'Ship v. City of San Francisco*, 60 P.3d 692, 700 (Cal. 2003) (citation omitted).  "Where a complaint

2

does not reveal on its face that it is barred by the statute of limitations, a plaintiff has no obligation to plead around the defense." *JPMorgan Chase Bank, N.A. v. Ward*, 245 Cal. Rptr. 3d 303, 312 (Ct. App. 2019) (citations omitted).

The TAC alleges the dates of Plaintiffs' final electroconvulsive therapy ("ECT") treatments but does not allege when Plaintiffs became injured. The district court improperly inferred that Plaintiffs were injured, and Plaintiffs' causes of action accrued, on the date of their final ECT treatments. Because the TAC alleges the dates of Plaintiffs' final ECT treatments and not the dates of Plaintiffs' injuries, the TAC "does not reveal on its face" that Plaintiffs' claims were barred by the statute of limitations.[1] *Id.* The district court therefore erred by dismissing Plaintiffs' TAC as time barred.

**REVERSED and REMANDED.**

---

[1]     Plaintiffs argued that the statute of limitations does not apply because "their claims were not time-barred on the face of the complaint" for the first time on appeal. Although we generally do not consider arguments that are raised for the first time on appeal, *see In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010), Somatics waived any argument regarding Plaintiffs' waiver by failing to assert it in its answering brief, *see Norwood v. Vance*, 591 F.3d 1062, 1068 (9th Cir. 2010).