Filed 9/20/23  Remnant and Outcasts Church of Christ v. Lee CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| REMNANT AND OUTCASTS CHURCH OF CHRIST, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> THOMAS LEE et al., <br><br> Defendants and Respondents. | B316499 <br><br> (Los Angeles County Super. Ct. No. BC696166) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mel Red Recana, Judge.  Affirmed.

Pacific Rim Law Group and Miao Yu for Plaintiff and Appellant.

Wong & Mak and Fred A. Wong for Defendants and Respondents.

—————————

Plaintiff and appellant Remnant and Outcasts Church of Christ (the Church) appeals from a judgment following a bench trial in favor of defendants and respondents Thomas Lee, Fred Wong, and Wong & Mak, LLP (collectively respondents). The parties tried a single cause of action under Business and Professions Code section 17200.[1] The Church argues the trial court erred in finding the statute of limitations barred the claim. It also asserts the trial court erred in crediting certain witness testimony and in finding no evidence of damages. We affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

***Thomas Lee v. Tony Ing, et al.***

In 2011, Lee filed a complaint against Tony Ing. Wong and the law firm of Wong & Mak represented Lee; attorney Ramon Barredo represented Ing. The case concerned $1 million Lee gave to Ing and his company, Hypo Capital. Ing was the pastor at Lee's church, and he also held himself out as a businessman and experienced investor. In the lawsuit, *Thomas Lee v. Tony Ing*, *et al.* (the underlying lawsuit)*,* Lee contended he gave Ing the $1 million for Ing to invest it on Lee's behalf. Ing argued the funds were payment for business services he had rendered.

At the beginning of the July 2013 bench trial, the parties stipulated that "the total amount of money [Lee gave Ing] was not invested by Ing for Lee, but was all spent by Ing for his own personal purposes and not for the benefit of Lee." Barredo, Wong, and the trial court also discussed this stipulation on July 29, 2013, in open court, during a pause in Ing's testimony and while he remained on the witness stand.

---

[1]     All further undesignated statutory references are to the Business and Professions Code.

At the conclusion of the bench trial, the court ruled in favor of Lee, finding that Ing intentionally misrepresented to Lee that he would invest the money, and he instead used it "for the purchase and/or renovation of . . . real property." The statement of decision referred to the aforementioned stipulation. The court issued a judgment that placed a constructive trust on the Church's property.

### The Church's Current Action

The Church and several of its individual members filed a complaint in March 2018, naming as defendants Lee and two companies related to him, Steven Hashimoto, Fred Wong, and Wong & Mak. The complaint asserted four causes of action, only one of which was litigated at trial.[2] The plaintiffs alleged Lee and Wong bribed Ing's attorney, Barredo, to enter into the stipulation in the underlying lawsuit, thus engaging in a fraudulent business practice in violation of section 17200.

### Trial, Findings of Fact, and Judgment

In early August 2021, the trial court conducted a bench trial. The court heard testimony from several witnesses, including Barredo, Ing, Lee, and Wong.

Ing testified that he met with Barredo in June and October 2017, and during each of those meetings Barredo signed a declaration regarding the stipulation. The Church submitted both declarations into evidence at trial. In the declarations,

---

[2] The trial court granted the defendants' motion for summary adjudication of the second through fourth causes of action. Defendant Hashimoto was dismissed from the complaint as a result. Some of the individual plaintiffs' claims were also dismissed. None of the individual plaintiffs are parties to this appeal.

3

Barredo states that he was "induced by Plaintiff's counsel to enter into" the stipulation and he was "induced" to enter into the stipulation by "plaintiff," explaining he was "financially influenced to do so."  Neither declaration elaborates further on the alleged inducement or financial influence.  Barredo testified at trial that he was not bribed.

The court found, in relevant part, that Ing was not credible; Ing was aware of the stipulation because he was on the witness stand on July 29, 2013 when it was discussed; Ing was the pastor of the Church at the time of the trial in the underlying lawsuit; the statute of limitations ran before the Church brought the action; and Lee and Wong did not bribe Barredo to enter into the stipulation in the underlying lawsuit.

Based on these findings of fact, the trial court entered a judgment in favor of respondents.  The Church timely appealed.

## DISCUSSION

## I.    Substantial Evidence Supports the Trial Court's Finding That the Statute of Limitations Barred the Church's Claim

The Church argues the trial court erred in finding the statute of limitations expired before it filed this action.  We find no error.

"Resolution of a statute of limitations issue is normally a question of fact," and a trial court's finding as to the date of accrual for a cause of action is a factual question. (*Pearce v. Briggs* (2021) 68 Cal.App.5th 466, 474.)  On appeal, we determine whether substantial evidence supports the trial court's finding that a claim was brought outside of the limitations period.  (*Ibid*.)  We further note that when, as in this case, "a statement of decision is not issued, the appellate court applies the doctrine of

4

implied findings, meaning that we presume the trial court 'made all factual findings necessary to support the judgment for which substantial evidence exists in the record. In other words, the necessary findings of ultimate facts will be implied and the only issue on appeal is whether the implied findings are supported by substantial evidence.' [Citation.]" (*LSREF2 Clover Property 4, LLC v. Festival Retail Fund 1, LP* (2016) 3 Cal.App.5th 1067, 1076.)

Pursuant to section 17208, the statute of limitations for a section 17200 claim is four years. (§ 17208 ["Any action to enforce any cause of action pursuant to this chapter shall be commenced within four years after the cause of action accrued"]; *Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163, 179 ["*Any* action on *any* [Unfair Competition Law] cause of action is subject to the four-year period of limitations created by . . . section [17208]"], original italics.)[3] "A plaintiff must bring a claim within the limitations period after accrual of the cause of action." (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 806 (*Fox*).) "Generally speaking, a cause of action accrues at 'the time when the cause of action is complete with all of its elements.' [Citations.]" (*Ibid.*) "An important exception to the general rule of accrual is the 'discovery rule,' which postpones accrual of a cause of action until the plaintiff discovers, or has

---

[3]     The Church argues the four-year limitations period set forth in Code of Civil Procedure section 343 applies. This is "a catchall provision that provides a statute of limitations in situations where no specific limitations period applies." (*Geneva Towers Ltd. Partnership v. City and County of San Francisco* (2003) 29 Cal.4th 769, 773.) Although we conclude the more specific statute of limitations under section 17208 applies, we note that both provisions establish a four-year limitations period.

reason to discover, the cause of action." (*Id*. at p. 807.) "A plaintiff has reason to discover a cause of action when he or she 'has reason at least to suspect a factual basis for its elements.' [Citations.]" (*Ibid*.) Our Supreme Court has explained that the discovery of the "elements" of a claim does not require a "hypertechnical approach," but instead mandates an examination of whether the "plaintiffs have reason to at least suspect that a type of wrongdoing has injured them." (*Ibid*.)

The basis for the Church's section 17200 claim is Lee and Wong's alleged bribery of Barredo, which resulted in the stipulation. While Ing may not have been aware of the alleged wrongful conduct—the bribery—when it occurred, substantial evidence supported the trial court's determination that Ing knew or should have known of the stipulation, which he claimed was the result of the bribery and compromised his legal rights, no later than July 2013. On July 29, 2013, Ing was on the witness stand while his attorney (Barredo), Wong, and the court discussed the stipulation. Ing thus had reason to suspect his alleged injury on that day. The complaint in this matter was filed March 2, 2018—over four years and seven months from the date Ing learned or should have learned of the stipulation. The trial court properly found the limitations period expired well before the Church filed its complaint.

The Church does not argue that it did not have reason to discover the stipulation when Ing was on the witness stand on July 29, 2013. Instead, the Church asserts the statute of limitations began to accrue on December 13, 2014, when Lee allegedly recorded a corrected judgment that was issued in the underlying case imposing a constructive trust on the Church's property. The Church contends this commenced the limitations

6

period because it was "[t]he last discoverable event affecting and damaging, impairing the property of the appellant church."  This argument misapprehends the statute of limitations.  As explained above, the limitations period begins to run when the cause of action accrues, or when "plaintiffs have reason to . . . suspect that a type of wrongdoing has injured them" (*Fox*, *supra*, 35 Cal.4th at p. 807), not when the last consequences of the alleged wrongdoing occur.

Substantial evidence supported the trial court finding that the Church's section 17200 cause of action accrued, at the latest, when Ing was on the witness stand while the stipulation was discussed.  The Church does not specifically address the trial court's finding except to argue, without citation to any legal authority, that the recording of the judgment was the accrual date.  This is insufficient.  The Church has failed to demonstrate error in the trial court's ruling.  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 [appellant must overcome presumption of correctness by affirmatively showing error and supporting contentions with argument and citations to authority]; Cal. Rules of Court, rule 8.204(a)(1)(C); *Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 276–277.)

We additionally note that even if the trial court's findings regarding the statute of limitations were in error, the Church cannot establish prejudice.  " 'No form of civil trial error justifies reversal and retrial, with its attendant expense and possible loss of witnesses, where in light of the entire record, there was no actual prejudice to the appealing party.' [Citation.]" (*Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 801.)  To determine if there was error, we must inquire whether a different result would have been probable if the error had not existed.  (*Id.* at

7

p. 802.)  Here, the trial court not only found the statute of limitations barred the Church's claim, it also rejected the claim on the merits.  The court found that "[Lee and Wong] did not bribe [Barredo] to submit the stipulation [in] the underlying lawsuit."  As discussed below, we find no error in the trial court's assessment of the evidence.  Thus, any error in the trial court's ruling as to the statute of limitations would not provide a basis for reversal.[4]

## II.    The Trial Court Did Not Err With Respect to Barredo's Testimony

The Church also contends the trial court abused its discretion in admitting or crediting Barredo's testimony, which it claims contradicted his previous sworn declaration and other evidence at trial.

" '[A]n appellate court reviews any ruling by a trial court as to the admissibility of evidence for abuse of discretion.' [Citation.]" (*Meeks v. Autozone, Inc.* (2018) 24 Cal.App.5th 855, 861.)  " ' "An abuse of discretion occurs if, in light of the applicable law and considering all of the relevant circumstances, the court's decision exceeds the bounds of reason and results in a miscarriage of justice.  [Citations.]  This standard of review affords considerable deference to the trial court provided that the court acted in accordance with the governing rules of law.  We presume that the court properly applied the law and acted within its discretion unless the appellant affirmatively shows otherwise." ' [Citation.]" (*Espejo v. The Copley Press, Inc.* (2017) 13 Cal.App.5th 329, 378.)  "The abuse of discretion standard applies 'even [when] the evidence is of such a nature that

---

[4]    We therefore need not address the Church's argument that the trial court erred in finding no evidence of damages.

8

reasonable minds would possibly differ regarding the facts.' [Citation.] ' "The test is not whether we would have made a different decision had the matter been submitted to us in the first instance. Rather, the discretion is that of the trial court, and we will only interfere with its ruling if we find that under all the evidence, viewed most favorably in support of the trial court's action, no judge reasonably could have reached the challenged result." ' [Citation.]" (*Estate of Sapp* (2019) 36 Cal.App.5th 86, 103–104.)

As an initial matter, the Church does not challenge any specific evidentiary ruling regarding Barredo's testimony and has offered no legal basis to support its argument that the trial court abused its discretion in admitting the testimony. Instead, the Church appears to argue that the trial court simply erred by finding Barredo credible. However, this court " 'is not a second trier of fact,' " (*In re Marriage of Balcof* (2006) 141 Cal.App.4th 1509, 1531) and " ' " '[t]o warrant the rejection of the statements given by a witness who has been believed by a trial court, there must exist either a physical impossibility that they are true, or their falsity must be apparent without resorting to inferences or deductions.' " ' " (*Bloxham v. Saldinger* (2014) 228 Cal.App.4th 729, 750 (*Bloxham*).) No such circumstances exist here.

Barredo testified that when he said in his declaration that he was "financially influenced" to enter into the stipulation, he meant that he thought he would lose the trial if he did not sign the stipulation and then would not be paid for his representation of Ing. Barredo explained that Wong had shown him evidence documenting Ing's use of the $1 million for jewelry and other personal expenses. Barredo testified that he asked Wong to enter into the stipulation, which he did to prevent Wong from

9

introducing evidence of Ing's personal expenses, while still maintaining Ing's defense that he had the right to spend the money as he wished because it was a payment for his services, not for investing on Lee's behalf.  Barredo explicitly testified that neither Wong nor Lee ever offered him any money.[5]

Ing, however, testified that Barredo confessed to him that he was "induced" by Wong and Lee to enter into the stipulation. Ing said Barredo described needing money to pay back a debt, and Lee offered to "give him the money . . . to win the case."

After hearing the evidence, the trial court did not find Ing credible, and determined Lee and Wong did not bribe Barredo. We infer that the trial court found respondents' evidence credible on this point.  " ' " 'Conflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends.' " [Citation.]' [Citation.]" (*Bloxham*, *supra*, 228 Cal.App.4th at p. 750.) Further, "we do not second-guess the calls the trial court made regarding credibility." (*Barboni v. Tuomi* (2012) 210 Cal.App.4th 340, 349.)  Substantial evidence supported the trial court's findings, and, to the extent the trial court found Barredo credible or relied on his testimony in reaching its decision, it did not abuse its discretion.

---

[5]     Respondents indicate that Lee and Wong also testified at trial and both denied that they bribed Barredo.  The Church does not dispute this description of the record.

## DISPOSITION

The judgment is affirmed.  Respondents are to recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EDMON, P. J.

LAVIN, J.

11